IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| UNITED STATES OF AMERICA, | Case No. 12-cr-01256-DKW |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO REDUCE SENTENCE** |
| JACOB LYMAN, | |
| Defendant. | |

Defendant Jacob Lyman moves for a reduction in his sentence to time-served, arguing that the "growing COVID-19 pandemic," in conjunction with his medical conditions, constitute an "extraordinary and compelling" circumstance justifying relief pursuant to Section 3582(c)(1)(A)(i) of Title 18.  Alternatively, Lyman argues that his sentence should be reduced from 240 to 180 months imprisonment because the First Step Act reduced the mandatory minimum sentence that would apply in this case, which, he contends, also constitutes an "extraordinary and compelling" reason for relief.  The Court disagrees on both counts.  First, while Lyman asserts that he suffers from certain risk factors for the coronavirus, the record reflects that he has already contracted the virus and not reported any adverse consequences.  In addition, the facility at which he is incarcerated, although once having a high number of cases, now has no instances

of inmate infection. Second, as far as this Court is concerned, the change in the law occasioned by the First Step Act is not an "extraordinary and compelling" circumstance warranting release or reduction under Section 3582(c)(1)(A)(i). As a result, for the reasons discussed below, the motion to reduce sentence, Dkt. No. 59, is DENIED.

## RELEVANT PROCEDURAL BACKGROUND

On July 31, 2014, Lyman was sentenced to a mandatory minimum sentence of 240 months imprisonment after pleading guilty to distribution of 50 grams or more of methamphetamine and after the government filed a Section 851 Special Information with respect to a prior drug conviction against him. Dkt. Nos. 29, 55; 21 U.S.C. §§ 841(b)(1)(A), 851.

On July 2, 2020, Lyman filed the instant motion to reduce sentence pursuant to Section 3582(c)(1)(A)(i). Dkt. No. 59. Although the government was given until July 16, 2020 to file a response to the motion, Dkt. No. 61, no response has been filed. On July 21, 2020, Lyman also filed a "Supplemental Memorandum" in support of his motion. Dkt. No. 65.

## LEGAL STANDARD

Pursuant to Section 3582(c)(1)(A)(i), a court may, after considering the factors set forth in Section 3553(a), modify a term of imprisonment if, upon motion

2

of the Director of the Bureau of Prisons (BOP) or the defendant following exhaustion of administrative rights related thereto, "extraordinary and compelling reasons warrant such a reduction[,]" the defendant is not a danger to the safety of others or the community, and the reduction is consistent with the relevant policy statement of the U.S. Sentencing Commission.   18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

The Sentencing Commission has defined "extraordinary and compelling reasons" to include, among other things, a defendant suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover.   U.S.S.G. ¶ 1B1.13, app. note 1(A)(ii).   Age and family circumstances may also provide the basis for a finding of "extraordinary and compelling" (*id*., app. note 1(B) and (C)), as may a "reason other than, or in combination with, the reasons described in [the application note]." *Id*., app. note 1(D).   With respect to the latter, the "extraordinary and compelling reason" must be "determined by the Director of the Bureau of Prisons…."   *Id.*

3

## **DISCUSSION**

Lyman's motion to reduce sentence must be denied because he has failed to show that an "extraordinary and compelling" circumstance exists to order his release or a reduction in his sentence.

In the motion to reduce sentence and his supplemental memorandum, Lyman relies on two principal circumstances. First, the interaction of the coronavirus with his medical conditions, and, second, the First Step Act's affect on the sentence he would receive if he was sentenced today. Neither circumstance, whether alone or in conjunction, rises to "extraordinary and compelling" for purposes of this case.

First, as Lyman's medical records reflect, he contracted the coronavirus in May 2020. Dkt. No. 63 at 2.[1] However, as the same records further reflect, Lyman was screened for coronavirus symptoms for almost two weeks after first being diagnosed and, in every one of those screenings, he denied any symptoms, such as a cough, as a result of the virus. *Id*. at 9-10. Further, the medical records also state that Lyman's case of coronavirus was "[r]esolved" approximately two weeks after his diagnosis. *Id*. at 17. In this light, although Lyman asserts that he

---

[1] In citing Lyman's medical records, the Court cites the page numbers assigned by CM/ECF in the top right corner of each page, such as "Page 2 of 23."

has certain medical conditions that are "risk factors" for the coronavirus, it appears that the virus has not "substantially diminishe[d]" his ability to provide self-care in prison. *See* U.S.S.G. § 1B1.13, app. note 1(A)(ii). In addition, the facility in which Lyman is incarcerated–FCI Lompoc–while once having a high number of confirmed coronavirus cases, now registers no such cases amongst the inmate population. *See* https://www.bop.gov/coronavirus (last visited July 24, 2020).[2]

Second, the Court finds entirely unpersuasive Lyman's argument that a change in the law–the First Step Act–constitutes an "extraordinary and compelling" circumstance under Section 3582(c)(1)(A)(i). Among other things, a sentence reduction under Section 3582(c)(1)(A) must be "consistent with this policy statement." U.S.S.G. § 1B1.13(3). In the application notes to Section 1B1.13, it is explained that a reduction "consistent" with the same is one that, in some form or another, relates to health. Notably, application note (A) concerns an inmate's health, application note (B) concerns an inmate's advanced age in combination with his health, and application note (C) concerns the health of family members or individuals providing care to a family member.[3] A change in the law

---

[2] The Bureau of Prisons' website indicates that there are currently two active cases of coronavirus amongst "Staff" at FCI Lompoc.

[3] Application note (D) is also of no use to Lyman's argument because, although it references "other" reasons, those "other" reasons must be "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, app. note 1(D); *see also United States v. Aruda*, Case No. 14-CR-577-DKW, Dkt. No. 164 at 6-11.

is, obviously, not remotely proximate to an individual's health. Thus, to give *consistency* any meaning, a change in the law is not "consistent" with Section 1B1.13's policy statement. Further, deeming the First Step Act an "extraordinary and compelling" circumstance would also be inconsistent with the First Step Act itself, which expressly does *not* make the change in the law upon which Lyman relies retroactive to individuals such as himself. First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, § 401(c).

Accordingly, Lyman's motion to reduce sentence, Dkt. No. 59, is DENIED.[4]

IT IS SO ORDERED.

DATED: July 27, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

<u>United States of America v. Jacob Lyman</u>; Cr 12-01256 DKW; **ORDER DENYING MOTION TO REDUCE SENTENCE**

---

[4] Because the Court denies the motion for failure to establish an "extraordinary and compelling" circumstance under Section 3582(c)(1)(A)(i), the Court need not, and does not, address any of the other showings that must be made in order for such a motion to be granted.