**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. JACOB LYMAN, Defendant-Appellant. | No. 20-10242 D.C. No. 1:12-cr-01256-DKW-1 MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted May 12, 2021**
San Francisco, California

Before: NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

Jacob Lyman appeals from the district court's order denying his motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). The district court held that Lyman had not shown "extraordinary and compelling" reasons warranting his release or a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). In doing so,

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the district court relied on the U.S. Sentencing Commission's policy statement in U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13.

After the district court's decision, we held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*

In light of our intervening decision in *Aruda*, we vacate and remand so that the district court can reassess Lyman's § 3582(c)(1)(A)(i) motion under the standard set forth there. We offer no views as to the merits of Lyman's § 3582(c)(1)(A)(i) motion.

Lyman's motion to expedite is denied as moot.

**VACATED AND REMANDED**.