IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| UNITED STATES OF AMERICA, Plaintiff, v. JACOB LYMAN, Defendant. | Case No. 12-cr-01256-DKW<br><br>**SECOND ORDER DENYING MOTION TO REDUCE SENTENCE** |
|---|---|

After remand from the Ninth Circuit Court of Appeals for reconsideration of Defendant Jacob Lyman's motion to reduce sentence in light of the Circuit's guidance in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021), Lyman argues that this Court has "broad discretion" to grant his motion due to his health issues, the coronavirus pandemic, his "rehabilitation," and changes in the law. Having considered the reasons presented in his supplemental briefing, and exercising its "broad discretion," the Court DENIES the motion to reduce sentence again. As more fully set forth below, because the incidences of coronavirus at Lyman's place of incarceration are non-existent, the Court does not find any reason to reduce his sentence for health- or medically-related reasons. The Court also does not find Lyman's alleged rehabilitation or changes in the law warrant any reduction.

# **RELEVANT PROCEDURAL BACKGROUND**

On July 31, 2014, Lyman was sentenced to a mandatory minimum sentence of 240 months' imprisonment after pleading guilty to distribution of 50 grams or more of methamphetamine and after the application of a Section 851 Special Information established a prior drug conviction for purposes of enhanced sentencing. Dkt. Nos. 29, 55; 21 U.S.C. §§ 841(b)(1)(A), 851.

On July 2, 2020, Lyman filed a motion to reduce sentence pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i) ("motion"). Dkt. No. 59. This Court denied the motion on July 27, 2020, finding that Lyman had failed to show extraordinary and compelling reasons for reducing his sentence. Dkt. No. 66. Lyman appealed that determination, Dkt. No. 68, and, on May 14, 2021, the Ninth Circuit vacated and remanded the denial of the motion, Dkt. No. 74. The Circuit did so because it determined that this Court relied on the policy statement for U.S. Sentencing Guideline 1B1.13, which it concluded in *Aruda* could "inform" a district court's decision, but was not binding. *Id*. at 2 (quotation omitted).

Upon issuance of the mandate, this Court provided the parties with an opportunity to supplement the record. Dkt. No. 76. On June 21, 2021, Lyman did so. Dkt. No. 77. In contrast, much like it did when it failed to respond to the

motion initially, the government did not file any supplemental briefing with respect to the same. This Order follows.

## LEGAL STANDARD

Pursuant to Section 3582(c), a court may not modify a term of imprisonment, except, as pertinent here, if: (1) the defendant exhausts administrative rights to the extent set forth in the statute; (2) the Court considers the factors set forth in 18 U.S.C. Section 3553(a); and (3) the Court finds "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).[1]

## DISCUSSION

In his supplemental briefing, Lyman argues that this Court should reduce his sentence either "significant[ly]" or at least "in some fashion" for various reasons. Dkt. No. 77 at 10-11. Those reasons include his alleged health issues, such as asthma, obesity, fluctuating A1C levels, and effects from contracting the coronavirus, the pandemic itself, his alleged "rehabilitation," and changes in the law. *Id*. at 7-11.[2] The Court finds none of these reasons warrant a reduction of sentence in this case.

---

[1] The statute also requires that a sentence reduction be "consistent with applicable policy statements" of the U.S. Sentencing Commission, but the Ninth Circuit has concluded that no such policy statement exists for motions brought by a defendant under Section 3582(c)(1)(A). *Aruda*, 993 F.3d at 802.

[2] Lyman also argues−in fact, spends the majority of his brief arguing−that this Court should reject the commentary to Sentencing Guideline 1B1.13. Dkt. No. 77 at 2-6. Lyman does so despite the

First, as the Court discussed in the July 27, 2020 Order, at that time, there were only two cases of coronavirus at Lyman's place of incarceration−FCI Lompoc−and the persons inflicted were members of the Lompoc staff. As of the date of this Order, the Bureau of Prisons (BOP) reports a total of zero cases, among both inmates and staff. *See* https://www.bop.gov/coronavirus (last visited June 25, 2021). BOP data further reflects that, at the wider Lompoc facility, 1,222 inmates have been fully vaccinated against the coronavirus. *Id*. Thus, while this data does not show the number of inoculated inmates at FCI Lompoc specifically, given the widespread inoculation at the Lompoc facility, it is not surprising that cases reported from FCI Lompoc are non-existent.[3] Put simply, given the non-existence of reported coronavirus cases at FCI Lompoc, the Court does not find that Lyman's health conditions combined with the pandemic constitute reasons for reducing his sentence.

Second, throwing into the mix Lyman's alleged rehabilitation and changes in the law does nothing to change the calculus. As for rehabilitation, while the Court has reviewed the exhibit containing Lyman's education courses (Dkt. No. 77-6), the

---

Ninth Circuit expressly stating in *Aruda* that the guideline may "inform" a district court's discretion. *Aruda*, 993 F.3d at 802. In any event, herein, the Court simply exercises the "broad discretion" Defendant seeks to ascribe to it in resolving the instant motion.

[3]FCC Lompoc is made up of two facilities: FCI Lompoc and USP Lompoc. Combined, they house approximately 1,850 inmates. Across the two facilities, the BOP's data reflects a total of zero active cases, among both inmates and staff. *See* https://www.bop.gov/coronavirus (last visited June 25, 2021).

Court does not understand–and Lyman does not explain–how any of the courses have *rehabilitated* him. As for changes in the law, assuming for argument's sake that such changes might provide support, in conjunction with other reasons, for a sentence reduction under Section 3582(c)(1)(A)(i), in this case they do not. Specifically, the Court does not find the reduction in the mandatory sentence from 240 months to 180 months or the speculation that Lyman might have been safety-valve eligible under new case law to constitute reasons for reducing his sentence. Instead, the Court continues to find the sentence that was imposed appropriate under all of the circumstances.

Accordingly, Lyman's motion to reduce sentence, Dkt. No. 59, is DENIED.

IT IS SO ORDERED.

DATED: June 25, 2021 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge