IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| UNITED STATES OF AMERICA, | Case No. 12-cr-01256-DKW |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. SECTION 3582** |
| JACOB LYMAN, | |
| Defendant. | |

For a second time, Defendant Jacob Lyman moves for a reduction in his sentence to time-served, arguing again that, due to a change in the law, "extraordinary and compelling circumstances" under 18 U.S.C. Section 3582(c)(1)(A) justify relief. The government opposes the motion on numerous grounds, and Lyman has filed an untimely reply. For the reasons discussed more fully below, the motion, Dkt. No. 83, is DENIED. In particular, whether or not the change in the law upon which Lyman relies might apply here, he has still failed to show that the factors under 18 U.S.C. Section 3553(a) support any reduction in his sentence, let alone one as substantial as time-served.

## RELEVANT PROCEDURAL BACKGROUND

On July 31, 2014, Lyman was sentenced to a mandatory minimum sentence of 240 months imprisonment after pleading guilty to distribution of 50 grams or more of methamphetamine and after the government filed a Section 851 Special Information with respect to a prior drug conviction against him.   Dkt. Nos. 29, 55; 21 U.S.C. §§ 841(b)(1)(A), 851.

On July 2, 2020, Lyman filed his first motion to reduce sentence pursuant to Section 3582(c)(1)(A)(i) ("first motion").   Dkt. No. 59.   On July 27, 2020, the Court denied the first motion, finding that neither the coronavirus pandemic nor a change in the law constituted "extraordinary and compelling circumstances" under Section 3582(c)(1)(A).   Dkt. No. 66.   After Lyman appealed, the Ninth Circuit Court of Appeals remanded for reconsideration of the first motion after concluding that this Court had "relied" upon a policy statement of the U.S. Sentencing Commission that the Circuit had determined, after the Court's decision, was not binding.   Dkt. No. 74.   On remand, the Court again denied the first motion, finding that the coronavirus, Lyman's alleged rehabilitation, and/or changes in the law did not warrant a sentence reduction ("remand order").   Dkt. No. 80.   Lyman did not appeal the remand order.

More than three years later, on January 22, 2025, Lyman filed the instant motion for compassionate release under Section 3582(c)(1)(A) ("second motion"). Dkt. No. 83. Lyman argues that his sentence should be reduced to time-served because, due to a change in the law, his mandatory minimum sentence would now be 15 years as opposed to 20 years. Lyman contends that this change results in his current sentence being "disproportionately long" and not in the interests of justice. The government opposes the second motion, Dkt. No. 87, arguing that Lyman has failed to (1) exhaust administrative remedies, (2) show entitlement to a sentence reduction under U.S.S.G. Section 1B1.13, and (3) demonstrate that the Section 3553(a) factors support a sentence reduction.

Lyman had until April 7, 2025 to file a reply. Dkt. No. 86. He failed to do so on-time. Instead, a week late, on April 14, 2025,[1] Lyman filed what he titled as a "rebuttal to denial of 18 U.S.C. § 3582(c)(1)(A) motion[,]" which the Court liberally construes as a reply in support of the second motion. However, so it is clear, at the time Lyman docketed the reply, this Court had *not* denied (or otherwise ruled on) the second motion and why Lyman believed otherwise is unclear. This Order now follows.

---

[1] Lyman's April 14, 2025 filing was also mailed late, given that the attached envelope is stamped April 10, 2025. *See* Dkt. No. 88-3.

3

## **LEGAL STANDARD**

Pursuant to Section 3582(c)(1)(A)(i), a court may, after considering the factors set forth in Section 3553(a), modify a term of imprisonment if, upon motion of the Director of the Bureau of Prisons (BOP) or the defendant following exhaustion of administrative rights related thereto, "extraordinary and compelling reasons warrant such a reduction[,]" the defendant is not a danger to the safety of others or the community, and the reduction is consistent with any relevant policy statements of the U.S. Sentencing Commission.   18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(a)(1)(A), (2), (3).

As pertinent here, the Sentencing Commission has explained that a court may consider whether a "change in the law" constitutes an "extraordinary and compelling reason" for a sentence reduction if "a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment," "but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances."   U.S.S.G. § 1B1.13(b)(6).[2]

---

[2] The Sentencing Commission did not define the terms "unusually long sentence" or "gross disparity[.]"

4

With respect to exhaustion, a motion for reduction of sentence pursuant to Section 3582(c)(1)(A) may be brought either by the Director of the Bureau of Prisons or the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…." *Id*. § 3582(c)(1)(A).

## DISCUSSION

Because the government raises the defense of administrative exhaustion, the Court first addresses the same and then, as necessary, turns to the substantive merit of the second motion. *See United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) (holding that the "administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government.").

Initially, the Court agrees with the government that, as alleged in the second motion itself, Lyman failed to show that he exhausted his administrative remedies with respect to the second motion. Instead, other than Lyman's brief say-so, he provided no record of exhaustion, as required. Specifically, Lyman stated that exhaustion had occurred because "either" he pursued all administrative remedies with the Bureau of Prisons (BOP) or 30 days had elapsed from the BOP's receipt of his request for a sentence reduction. Dkt. No. 83 at 1. Lyman, though, provided

5

no evidence that he had fully exhausted his administrative remedies or even made a request to the BOP. Moreover, beyond his failure to offer evidence, Lyman did not attempt to even allege when or how he pursued his administrative remedies. Therefore, there was no basis for the Court to find that Lyman administratively exhausted the present request for a sentence reduction.

In the belated reply, Lyman now asserts that he submitted a request to his warden, which the warden denied. Dkt. No. 88 at 1. Lyman also attaches a blank "request for administrative remedy" and a "memorandum", dated January 6, 2025, which purports to be from the warden of a BOP facility in California and states that a "request for a reduction in sentence" "based on the recent changes to the U.S. Sentencing Guidelines[]" is denied. Dkt. No. 88-1 at 2. While it is far from clear whether the "request for reduction in sentence" referenced in the "memorandum" encompasses the totality of the arguments raised in the second motion, and although Lyman did not give the government an opportunity to respond to his full exhaustion argument by failing to raise it in the second motion, for the sake of efficiency at the very least, the Court assumes for purposes of this Order only that Lyman has sufficiently exhausted his administrative remedies with respect to the second motion.

6

Therefore, the Court turns to the substantive arguments Lyman raises.  For the reasons set forth below, the Court finds that Lyman has failed to show the Section 3553(a) sentencing factors favor a reduction in his sentence.[3]  Notably, Lyman hardly contends otherwise.  Instead, in the second motion, he merely stated that granting him relief would be "consistent" with the sentencing factors, some of which he then lists, without providing any further explanation.  Dkt. No. 83 at 3.  This is plainly insufficient.  Even more so, Lyman's consistency conclusion contradicts the record in this case.  First, contrary to Lyman's unexplained suggestion, Dkt. No. 83 at 2, his disciplinary record does not clearly "demonstrate[] [his] commitment to positive change."  *See* Dkt. No. 87-1 at 2 (listing three prison infractions, including Lyman "hitting another in back of head [with] his hand").[4]  Next, while Lyman contends that he has taken "substantial steps toward rehabilitation by taking multiple classes[,]" Dkt. No. 83 at 2, in the second motion,

---

[3] It is, thus, unnecessary for the Court to address whether Lyman has shown that the Sentencing Commission's recent guidance on "unusually long sentences" would apply here.  The Court notes, however, that Lyman offers nothing factually new beyond the arguments the Court considered and rejected in denying the first motion.  For the same reasons, it is also unnecessary for the Court to address any of the other showings that must be made in order to grant a Section 3582(c)(1)(A) motion.

[4] In the reply, Lyman asserts that he has been "disciplinary-free for over a decade" and appears to "dispute" a "write up" he received in 2023 for being "out of bounds."  Dkt. No. 88 at 1-2.  As for the "out of bounds" "write up", the second motion is not an appropriate vehicle to challenge the same.  *See Needles v. Grounds*, 830 F.3d 922, 927, 935 (9th Cir. 2016) (explaining that the "two main avenues" for "complaints related to imprisonment" are a habeas corpus petition or a civil rights action).  Further, even if the "out of bounds" "write up" was ignored, the disciplinary record reflects that Lyman received a second write up in 2023—for "interfering with taking count[.]"  Dkt. No. 88 at 2.

7

he provided no evidence of the same or, more importantly, explanation of how any particular class has rehabilitated him.   In the reply, for the first time, Lyman attached an "individualized needs plan", listing various "education courses", such as "fitness and the body" and "solving word problems", that he has purportedly taken. Dkt. No. 88-2 at 1-3.   Lyman also contends that, in prison, he is "one of few that is trusted to work without a supervisor present" and he has run "a crew of cowboys … for the last 2 years."   Dkt. No. 88 at 2.   With respect to the education courses, as the Court mentioned in the remand order, Dkt. No. 80 at 4-5, Lyman again fails to explain how any of the same have rehabilitated him, as he contends, as opposed to, for instance, merely keeping him busy.   With respect to Lyman's work as a "cowboy" and alleged lack of supervision in doing the same, while this may show a level of trust and responsibility indicating a *path* to rehabilitation, it is still a path that Lyman must continue to follow.   Finally, having once again considered the Section 3553(a) factors, in particular, Lyman's offense conduct, criminal history, and commission of the instant offense while on supervised release, the Court remains unconvinced that they counsel in favor of any reduction in Lyman's sentence on the current record.

      Accordingly, the second motion, Dkt. No. 83, is DENIED.

8

IT IS SO ORDERED.

DATED: April 21, 2025 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge