IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JACOB LYMAN,<br><br>Defendant. | Case No. 12-cr-01256-DKW<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. SECTION 3582** |

For the third time, Defendant Jacob Lyman moves for a reduction of his twenty-year sentence to time-served, arguing again that unspecified "changes in law" constitute "extraordinary and compelling circumstances" under 18 U.S.C. Section 3582(c)(1)(A). For the reasons discussed more fully below, the motion, Dkt. No. 90, is DENIED. Lyman has not identified any "change in law", much less one compelling immediate release, he has not exhausted this claim, nor has he identified any other extraordinary or compelling reason to grant the relief he requests.

## RELEVANT PROCEDURAL BACKGROUND

On July 31, 2014, following the Government's filing of a Section 851 Special Information that mandated enhanced sentencing, Lyman received a mandatory minimum sentence of 240 months' imprisonment after pleading guilty

to the distribution of 50 grams or more of methamphetamine.  Dkt. Nos. 29, 55; 21 U.S.C. §§ 841(b)(1)(A), 851.

On July 2, 2020, Lyman filed his first motion to reduce sentence pursuant to Section 3582(c)(1)(A)(i).  Dkt. No. 59.  On July 27, 2020, the Court denied the first motion, finding that neither the coronavirus pandemic nor a change in the law constituted "extraordinary and compelling circumstances" under Section 3582(c)(1)(A).  Dkt. No. 66.  After Lyman appealed, the Ninth Circuit Court of Appeals remanded for reconsideration of the first motion after concluding that this Court had "relied" upon a policy statement of the U.S. Sentencing Commission that the Circuit had determined, after the Court's decision, was not binding.  Dkt. No. 74.  On remand, the Court again denied the first motion, finding that the coronavirus, Lyman's alleged rehabilitation, and/or changes in the law did not warrant a sentence reduction.  Dkt. No. 80.  This time, Lyman did not appeal.

On January 22, 2025, Lyman filed a second motion for compassionate release under Section 3582(c)(1)(A).  Dkt. No. 83.  Lyman argued that his sentence should be reduced to time-served because, due to a change in the law, his mandatory minimum sentence, if sentenced at that time, would be 15, instead of 20, years.  *Id*.  On April 21, 2025, the Court denied the second motion, concluding that Lyman had likely failed to exhaust his administrative remedies, and the

Section 3553(a) factors, in any event, did not favor a reduction of his sentence. Dkt. No. 89. Lyman did not appeal the order denying his second motion.

On April 30, 2026, Lyman filed the instant, third motion for compassionate release under Section 3582(c)(1)(A). Dkt. No. 90. Lyman argues that his sentence "reflects disparity due to changes in law," without elaboration. *Id*. at 1. He further claims that he has "demonstrated real-world rehabilitation, employment, CDL certification, and structured reintegration," and that he has "a strong and stable support system" to help him upon release. *Id*. at 1–2. The Government opposes the third motion, arguing that Lyman's compassionate release request, at least in part, is unexhausted, there are no extraordinary or compelling circumstances that would justify a sentence reduction, and the Section 3553(a) factors do not support relief. Dkt. No. 92. Lyman did not reply.

## LEGAL STANDARDS

Pursuant to Section 3582(c)(1)(A)(i), a court may, after considering the factors set forth in Section 3553(a), modify a term of imprisonment if, upon motion of the Director of the Bureau of Prisons (BOP) or the defendant following exhaustion of administrative remedies, "extraordinary and compelling reasons warrant such a reduction[,]" the defendant is not a danger to the safety of others or the community, and the reduction is consistent with any relevant policy statements of the U.S. Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. §

1B1.13(a)(1)(A), (2), (3).  As pertinent here, a "change in the law" may, under some circumstances, constitute an "extraordinary and compelling reason" for a sentence reduction.  *See* U.S.S.G. §§ 1B1.13(b)(6), (c).

With respect to exhaustion, a motion for reduction of sentence pursuant to Section 3582(c)(1)(A) may be brought by a defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . ." *Id*. § 3582(c)(1)(A).

## DISCUSSION

Despite this being Lyman's third attempt at relief pursuant to Section 3582, he again fails to establish any grounds to reduce his sentence.

First, although Lyman claims that his sentence "reflects disparity due to changes in law," he does not identify what that change in law is or how it could have produced a sufficiently gross disparity.  Dkt. No. 90 at 1.  The Court will not speculate.

Second, even if the Lyman *did* specify a change in law, that basis for a sentencing reduction would be unexhausted.  Lyman claims that he exhausted his administrative remedies by submitting a February 17, 2026 letter to his warden, which was not answered within 30 days.  Dkt. No. 90 at 1.  His letter, however,

does not mention change in law or anything similar as a justification for compassionate release. Dkt. No. 90-2. Thus, as far as the record reveals, the Bureau of Prisons was not given the chance to review this alleged basis for granting a Section 3582 motion before Lyman presented it to this Court, constituting a failure to exhaust. *See United States v. Gorion*, No. 15-CR-00519 (JMS), 2022 WL 867764, at *3 (D. Haw. Mar. 23, 2022) ("To properly exhaust under § 3582(c)(1)(A), an inmate is required to present the same or similar ground for compassionate release in a request to the [Bureau of Prisons] as in a motion to the court." (internal quotation marks and alterations omitted)); *United States v. Keller*, 2 F.4th 1278, 1283 (9th Cir. 2021) (per curiam) (noting that defendant failed to exhaust because the grounds for his compassionate release motion were not reflected in his pre-suit request to his warden).

Lyman's only other argument for compassionate release is his purported good behavior while incarcerated, which includes "employment, CDL certification, and structured reintegration," and his "strong and stable support system" in the form of his fiancée and father. Dkt. No. 90 at 2. Although these are laudable achievements, they are not the kind of *extraordinary and compelling* reason necessary for compassionate release. *See* USSG § 1B1.13(d) ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason."); *United States v. Sullivan*, No. 17-CR-00104 (JMS), 2025 WL 2821256, at *4 (D. Haw.

Oct. 2, 2025), *aff'd*, 2025 WL 3205928 (9th Cir. Nov. 17, 2025) ("While commendable, rehabilitation standing alone is not a basis to grant a motion for compassionate release.").

Accordingly, Lyman's third motion for compassionate release is denied.

## CONCLUSION

For the reasons set forth herein, Lyman's Motion for Reduction in Sentence Pursuant to Section 3582(c)(1)(a), Dkt. No. 90, is DENIED.

IT IS SO ORDERED.

DATED: June 2, 2026 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

---

*United States of America v. Jacob Lyman*, Cr 12-1256 DKW; **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. SECTION 3582**